UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LASHELL JOHNSON, an individual, and LINDA HICKS, an individual,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>EMPIRE FIRE AND MARINE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No.: 2:23-cv-00502-GMN-BNW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant Empire Fire and Marine Insurance Company. Plaintiffs Lashell Johnson and Linda Hicks filed a Response, (ECF No. 8), and Defendant filed a Reply, (ECF No. 9).

The Court **GRANTS** Defendant's Motion to Dismiss but dismisses the case **without prejudice**.

I.　　　　**BACKGROUND**

This case arises from a car accident in which non-party Hernan Leon crashed into Plaintiffs while driving a Budget rental car insured by Defendant Empire. (*See generally* Complaint ("Compl."), ECF No. 1). Leon was driving the rental car at the time of the accident, but Eduardo Estrella rented the car from Budget. (*See* Rental Agreement at 1, Ex. B to Mot. Dismiss, ECF No. 6) (listing Eduardo Estrella as the "Customer Name"); (Compl. ¶ 9). Plaintiffs allege that even though Leon did not rent the car from Budget, he was a "permissive user" of the rental vehicle, and thus also covered by Defendant's insurance policy as an insured driver. (Compl. ¶¶ 10, 24).

After the accident, Plaintiffs brought a civil suit for negligence in state court against Leon and Budget. (*Id.* ¶ 12). Leon did not participate in the litigation, so the court entered default judgment against him. (*Id.* ¶ 13). Plaintiffs also filed a motion for judicial assignment of

Leon's rights against Empire, which the court granted as unopposed. (*Id.* ¶¶ 15–17). Plaintiffs now allege that Empire wrongly failed to defend Leon in the underlying civil suit, and further failed to indemnify Leon, inform him of the lawsuit, and settle the suit within the policy limits. (*Id.* ¶¶ 24–26). Acting as assignees of Leon's rights, Plaintiffs bring causes of action against Defendant for breach of contract, contractual and tortious breaches of the implied covenant of good faith and fair dealing, and violations of Nevada's Unfair Claims Practices Act. (*Id.* ¶¶ 23–62). Defendant moves to dismiss all claims, arguing that Leon and Empire were never in contractual privity because Leon was not an insured under the insurance policy. (*See generally* Mot. Dismiss).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.    DISCUSSION

Defendant moves to dismiss all claims in Plaintiff's Complaint with prejudice. Defendant's main argument for dismissal is that because Leon is not an "insured" under its

policy, Plaintiffs' claims based on their assignment of Leon's rights must fail. (Mot. Dismiss, 1:12–16).  In support of its argument, Defendant attaches the Budget Rental Agreement signed by Estrella and the Insurance Policy issued by Defendant. (*See* Rental Agreement, Ex. B to Mot. Dismiss); (Ins. Policy, Ex. C to Mot. Dismiss).

The Court will consider the Rental Agreement and Insurance Policy when addressing Defendant's Motion to Dismiss.  Plaintiffs directly allege the contents of the Insurance Policy, but not the Rental Agreement, in their complaint. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (stating that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").  Specifically, Plaintiffs allege that Empire issued an insurance policy to Budget, and that Leon qualifies as insured under that policy. (Compl. ¶¶ 24–27).  Plaintiffs also allege that the car renter, Estrella, allowed Leon to be a "permissive user under that insurance policy," (*id.* ¶ 36), which would be demonstrated through the Rental Agreement. Although Plaintiffs do not specifically allege the contents of the Rental Agreement, the Ninth Circuit has extended the incorporation by reference doctrine to situations when a claim depends on the contents of a document and the parties do not dispute its authenticity, even if the plaintiff does not explicitly allege that document's contents in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiffs do not provide any evidence disputing the authenticity of the Rental Agreement or Insurance Policy. (*See* Resp. 6:11–19).  Plaintiffs do not attach a different version of the agreement or policy, nor do they argue that Leon was listed as an additional driver.  Rather, they claim that "[e]ven if the insurance policy did not cover Hernan [Leon] by its express terms," Leon still expected Empire to indemnify and defend him. (Resp. 5:14–16).

Defendant points to the Rental Agreement as support for its contention that Leon was not added as an additional driver, and therefore is not insured under its policy. (Mot. Dismiss 6:1–14). At the bottom of the first page of the agreement, the contract states, "I have reviewed and agreed to all notices and terms here and in the rental jacket. No additional drivers allowed without prior written consent." (Rental Agreement at 1, Ex. B to Mot. Dismiss). Estrella's signature appears right after this clause, and Leon's name is not listed. (*Id.*). Defendant claims that Estrella did not seek prior consent to add additional drivers to the policy, and thus Leon did not have implied or express permission to operate the vehicle. (Mot. Dismiss 2:1–5).

Defendant's Motion to Dismiss also includes a copy of the insurance policy issued to Budget. (*See* Ins. Policy, Ex. C to Mot. Dismiss). The insurance policy defines an "insured" as either the individual who entered into the rental agreement with the policyholder, Budget, or any "additional authorized driver" whose name appears on the rental agreement. (*Id.* at 3). It further clarifies that an individual is not insured under the policy if they are "not an authorized driver under the terms of the 'rental agreement,' or whose name does not appear on the 'rental agreement.'" (*Id.*).

Plaintiffs assert legal conclusions such as "Zurich [Empire] and Leon were bound by a contractual relationship pursuant to the insurance policy," but do not allege sufficient facts to demonstrate a contractual relationship. (*See* Compl. ¶ 24). Plaintiffs allege that the "rental car driver purchased the insurance policy and allowed Leon as a permissive user under that insurance policy," but the Court require more factual content to reasonably infer that Leon was an additional driver covered by the policy. (*See id.* ¶ 36). Per the face of the Rental Agreement signed by Estrella, the contract covers additional drivers who have obtained prior written consent only. (*See* Rental Agreement, Ex. B to Mot. Dismiss). But the Complaint lacks any allegations related to prior written consent. *See Travelers Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 901 F.2d 765, 766 (9th Cir. 1990) (finding that when the rental agreement contained clear

language that only the renter or authorized driver was covered, Budget was not obligated to provide coverage for an accident caused by a valet driver).

Moreover, the Insurance Policy is equally clear that a driver is only covered if their name appears as an authorized driver on the Rental Agreement. (Ins. Policy at 3, Ex. C to Mot. Dismiss). This language appears unambiguous, and thus the Court is not free to modify or vary its terms. *Century Sur. Co. v. Casino W., Inc.*, 677 F.3d 903, 908 (9th Cir. 2012). Plaintiffs allege that Leon was allowed to be a "permissive user" of the vehicle, but the Complaint lacks factual content to back up that assertion. Without facts demonstrating why Leon was an additional driver on the policy, Plaintiffs' claim for relief is not plausible on its face.

Plaintiffs' claims for breach of contract and contractual breach of the implied covenant of good faith and fair dealing are dismissed for lack of allegations regarding a valid contract between Leon and Defendant. A breach of contract claim requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. *Richardson v. Jones*, 1 Nev. 405, 409 (Nev. 1865); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013). Defendant's liability in tort requires a special relationship, such as that between insurer and insured. *See Aluevich v. Harrah's*, 660 P.2d 986, 987 (Nev. 1983) (finding "a cause of action in tort for the breach of an implied covenant of good faith and fair dealing where an insurer fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy."). Without properly alleging that Leon is insured under Defendant's policy, Plaintiffs' claim for tortious breach of the implied covenant of good faith and fair dealing is also dismissed. Lastly, "similar to the implied covenant of good faith and fair dealing, the Nevada Unfair Claims Practices Act entitles an insured to damages if an insurer commits an unfair settlement practice." *Sierzega v. Country Preferred Ins. Co.*, 650 F. App'x 388, 390 (9th Cir. 2016). For the reasons above, Plaintiffs do

not properly allege Leon is insured.  Therefore, Plaintiffs' Nevada Unfair Claims Practices Act Claim is similarly dismissed.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because this is the Court's first dismissal, and Plaintiffs may be able to plead additional facts to support their claims, the Court GRANTS Plaintiffs leave to file an amended complaint within 14 days of the date of this Order.

### V.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED,** but the Court dismisses the case **without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiffs shall have 14 days from the date of this Order to file an amended complaint.  Failure to file an amended complaint by the required date will result in the Court dismissing Plaintiff's claims with prejudice.

**DATED** this   14   day of December, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT