Paul D. Powell (7488)
Tom W. Stewart (14280)
Traysen N. Turner (16017)
**THE POWELL LAW FIRM**
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
Phone 702.728.5500 | Fax 702.728.5501
paul@tplf.com | tom@tplf.com | tturner@tplf.com
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| LASHELL JOHNSON., an individual, and LINDA HICKS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ZURICH EMPIRE FIRE AND MARINE INSURANCE COMPANY a foreign corporation,<br><br>    Defendants. | Case No. 2:23-cv-00502-GMN-BNW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lashell Johnson and Linda Hicks complain against Zurich Empire Fire and Marine Insurance Company ("Zurich") as follows:

### THE PARTIES

1.   Plaintiff Lashell Johnson ("Lashell") is and was a resident of Clark County, Nevada for all times relevant herein.

2.   Plaintiff Linda Hicks ("Linda") is and was a resident of Clark County, Nevada for all times relevant herein.

3.   Defendant Zurich is a foreign corporation, authorized to do business in the State of Nevada for all times relevant herein.

…

## JURISDICTION AND VENUE

4. This Court possesses personal jurisdiction over Defendants because (1) Defendant's residence, domicile, and/or business activities and contacts in Nevada have been and continue to be so substantial, continuous, and systematic that the defendants are deemed present in the forum; and (2) the obligations, acts, and omissions complained of in this Complaint were incurred and committed, in whole or in part, in Nevada, and thus, Defendants have had sufficient minimum contacts with this forum such that the exercise of personal jurisdiction over them will not offend traditional notions of fair play and substantial justice.

5. This Court possesses subject-matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

6. Venue is proper in this Court because a substantial part of the events or omissions giving rise to this action occurred in this District, the alleged acts took place in this District, and Defendants are otherwise subject to the Court's personal jurisdiction.

## GENERAL ALLEGATIONS

### *The crash*

7. On February 19, 2016, non-party Hernan Pogo Leon ("Leon") crashed into Plaintiffs.

8. At the time of the crash, Leon was the permissive user of a vehicle owned by non-party Malco Enterprises of Nevada, Inc., ("Malco") and insured by Zurich North America under the automobile liability insurance policy number RSR-5525605-03 ("the insurance policy").

### *The lawsuit*

9. Zurich denied coverage based on Leon not being a driver listed on the rental agreement.

10. Plaintiffs filed suit against Leon and Malco. Plaintiffs filed their amended complaint on March 5, 2019 (the lawsuit). Plaintiffs brought a claim of negligence against both Leon and Malco.

11. The complaint in the underlying matter contained allegations against the defendants that indicated that Leon was the permissive driver of the car, and little more as it relates to the rental car, any rental lease agreement, or insurance coverage. There were no allegations in the complaint that indicated Leon was not listed as a driver with Malco, nor any other allegations that, if read within the confines of the complaint pursuant to *Century Surety v. Andrew*, 432 P.3d 180, 184 n.4 (Nev. 2018), would eliminate a potential for coverage.

12. Zurich did not provide Leon with a defense, resulting in the entry of a default judgment against Leon of $320,866.79 for Lashell and $1,063,086.74 for Linda on October 3, 2022.

13. Zurich breached its duty to adequately defend Leon by failing to assess the potential for coverage within the four corners of the operative complaint, refusing to provide defense counsel even under a reservation of rights, and allowing him to go undefended in the underlying action.

### *The judicial assignment of rights*

14. On October 26, 2022, Plaintiffs filed a motion for judicial assignment of Leon's bad-faith rights against Zurich.

15. Zurich further breached its duty to defend Leon by failing to oppose Plaintiffs' motion for a judicial assignment of rights.

16. On December 9, 2022, the underlying court granted the unopposed motion for judicial assignment of Leon's bad-faith rights against Zurich.

17. As a result of the district court's order, Plaintiffs are assignees of the rights of Leon to bring causes of action against Zurich for, among other things, breach of contract, tortious breach of the breach of the implied covenant of good faith of fair dealing, violations of Nevada Revised Statute Chapter 686A, as well as all other related torts, and to seek punitive damages.

18. Zurich's repeated wrongful acts damaged Plaintiffs, as assignees of Leon, in a sum exceeding $15,000.00.

19. Additionally, Zurich's repeated wrongful acts were intended to cause injury to Leon and Plaintiffs, and was despicable conduct carried on by Zurich with a willful and conscious disregard of Leon's rights, subjected Leon to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit, and/or concealment of material facts known to Zurich with the intention, implied or in fact, to deprive Leon of property, legal rights, and/or to otherwise oppress and/or cause injury constituting malice, oppression, and/or fraud as described within Nevada Revised Statutes Chapter 42, thereby entitling Plaintiffs to uncapped punitive and/or exemplary damages.

20. Zurich's conduct demonstrated a conscious disregard of the rights and interests of its insureds, to whom it owes a fiduciary-like duty, constituting malice and oppression.

21. As a direct and proximate result of Zurich's repeated breaches of the insurance policy and the covenant of good faith and fair dealing inherent in the insurance policy, as well as other wrongful acts, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION
**Breach of Contract**

22. Plaintiffs incorporate all prior paragraphs as though fully set forth here.

23. Zurich and Leon were bound by a contractual relationship pursuant to the insurance policy.

24. The actions of Zurich described in this complaint breached the insurance policy.

25. More specifically, Zurich breached the insurance policy by, among other things, breaching its duties to defend and indemnify Leon; by refusing to provide a defense where indicated by the allegations of the complaint; by wrongfully relying on extrinsic evidence related to coverage to defeat the sae absent a declaratory relief action or provision of a defense under a reservation of rights; by failing to inform Leon of the lawsuit; and its duty to settle within the policy limits when a substantial likelihood of recovery existed against Leon in excess of the insurance policy.

26. Zurich's breach damaged Leon by exposing him to the judgment, which far exceeds the insurance policy limit.

27. Plaintiffs, as assignees, are entitled to collect damages from Zurich stemming from Zurich's wrongful conduct described above.

28. As a direct and proximate result of the conduct of Zurich and its representatives, Plaintiffs needed to engage the services of legal counsel to recover the damages owed to them by Zurich and will continue to incur attorneys' fees in an amount to be determined according to proof. Plaintiffs claim these fees as a distinct item of damages.

29. As a direct and proximate result of Zurich's wrongful conduct, Plaintiffs, as assignees, has been damaged in an amount in excess of $15,000.

## SECOND CAUSE OF ACTION
### Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

30. Plaintiffs incorporate all prior paragraphs as though fully set forth here.

31. Zurich owed a duty of good faith and fair dealing to Leon, such that Zurich gives equal consideration to the interests of its insureds with its own.

32. Zurich breached that duty when, among other things, it: (a) deny coverage (b) fail to inform Leon of the lawsuit; (c) relied on extrinsic evidence concerning coverage to defeat the same even though the allegations contained in the four corners of the complaint created a potential for coverage that triggered the duty to defend; and (d) failed to adequately defend Leon in the lawsuit.

33. In doing so, Zurich failed to give equal consideration to the interests of its insureds and, instead, valued its own interest in saving money over its insureds' interests in being adequately informed and defended from judgments stemming from claims made upon the insurance policy.

34. Zurich's decision to breach its duty of good faith and fair dealing was done with an intent to deprive Leon of his rights under the insurance policy, and with knowledge that such an act was unreasonable for an insurer.

35. Zurich acted with malice, fraud, or oppression in its handling and evaluation of this claim by deliberately relying on extrinsic evidence in contravention of the four corners rule set forth in *Century Surety*, knowing that it would deprive Leon of a defense and the means to fight its decision.

36. Zurich's conduct described in this complaint was part of a long-established pattern a practice designed to force claimants to accept less benefits than they would otherwise be entitled to receive under the terms of their policies and to unfairly minimize the financial exposure and risk of Zurich. Plaintiffs are informed and believe that before their claim, Zurich instituted various internal programs, which were designed to increase profitability by unfairly minimizing the amounts paid to claimants, lowering combined loss ratio, and turning the claims department into a company profit center. Plaintiffs are further informed and believe and therefore allege that Zurich instituted various corporate programs and policies, which rewarded claims department personnel (directly and indirectly) with pay raises and promotions if they found ways to minimize or eliminate legitimate payment of benefits owed to claimants. By linking the career success and income of claims department personnel to the results achieved in adjusting individual claims, Zurich actively and knowingly encouraged its claim department personnel to engage in fraud, unfair conduct, and abuse of legitimate claimants.

37. The acts and omissions of Zurich and its representatives described above were part of the established corporate practices and procedures of Zurich and were directed, approved, or ratified by the management of Zurich.

38. Plaintiffs, as assignees, are entitled to collect damages from Zurich stemming from Zurich's wrongful conduct described above.

39. As a direct and proximate result of the conduct of Zurich and its representatives, Plaintiffs needed to engage the services of legal counsel to recover the damages owed to them by Zurich and will continue to incur attorneys' fees in an amount to be determined according to proof. Plaintiffs claim these fees as a distinct item of damages.

40. As a direct and proximate result of Zurich's wrongful conduct, Plaintiffs, as assignees, have been damaged in an amount in excess of $15,000.

### THIRD CAUSE OF ACTION
**Violations of Nev. Rev. Stat. §686A.310 (Nevada's Unfair Claims Practices Act)**

41. Plaintiffs incorporate all prior paragraphs as though fully set forth here.

42. As an insurer doing business in Nevada, Zurich had a duty to, among other things, "adopt and implement reasonable standards for the prompt investigation and processing of claims arising under" the insurance policy pursuant to Nev Rev. Stat. § 686A.310(1)(c); "effectuate a prompt, fair, and equitable settlement" of Plaintiffs' claims pursuant to Nev Rev. Stat. § 686A.310(1)(e); and "to provide promptly to [Leon] a reasonable explanation of the basis in the insurance policy, with respect to the facts of the [Plaintiffs'] claims and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim," pursuant to Nev. Rev. Stat. § 686A.310(1)(n).

43. As evidenced by its unreasonable handling of the policy-limits demand, Zurich failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy.

44. As evidenced by its unreasonable handling of the policy-limits demand, among other unreasonable decisions made during the lawsuit, Zurich failed to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims.

45. As evidenced by Zurich's failure to promptly provide to Leon a reasonable explanation of the basis in the insurance policy, with respect to the facts of Plaintiffs' claims and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

46. Zurich acted with malice, fraud, or oppression in its handling and evaluation of this claim.

47. The acts and omissions of Zurich and its representatives described above were part of the established corporate practices and procedures of Zurich and were directed, approved, or ratified by an officer, director, or department head of Zurich.

48. Plaintiffs, as assignees, are entitled to collect damages from Zurich stemming from Zurich's wrongful conduct described above.

49. As a direct and proximate result of the conduct of Zurich and its representatives, Plaintiffs needed to engage the services of legal counsel to recover the damages owed to them by Zurich and will continue to incur attorneys' fees in an amount to be determined according to proof. Plaintiffs claim these fees as a distinct item of damages.

50. As a direct and proximate result of Zurich's wrongful conduct, Plaintiffs, as assignees, have been damaged in an amount in excess of $15,000.

### DEMAND FOR JURY TRIAL

51. Plaintiffs demand a jury trial on the issues and claims in this complain

### PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendant as follows:

1. General damages sustained by Plaintiffs in an amount exceeding $15,000;
2. Special damages sustained by Plaintiffs in an amount exceeding $15,000;
3. Reasonable attorney's fees and costs;
4. Property damages sustained by Plaintiffs;
5. Interest at the statutory rate; and
6. Any other relief the Court deems just and proper.

Dated December 27, 2023.            **THE POWELL LAW FIRM**

/s/ Tom W. Stewart
Paul D. Powell (7488)
Tom W. Stewart (14280)
Traysen N. Turner (16017)
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
Attorneys for Plaintiffs