# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LASHELL JOHNSON, *et. al.*,  ) <br> ) <br> Plaintiffs,  ) <br> vs.  ) <br> ) <br> EMPIRE FIRE AND MARINE INSURANCE  ) <br> COMPANY,  ) <br> ) <br> Defendant.  ) | Case No.: 2:23-cv-00502-GMN-BNW <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is the Second Motion to Dismiss, (ECF No. 26), filed by Defendant Empire Fire and Marine Insurance Company. Plaintiffs Lashell Johnson and Linda Hicks filed a Response, (ECF No. 30), to which Defendant filed a Reply, (ECF No. 32).

Because Plaintiffs fail to provide facts demonstrating the existence a contract between Leon and the Defendant, the Court **GRANTS** Defendant's Second Motion to Dismiss.

## I. BACKGROUND

This case arises from a car accident in which non-party Hernan Leon crashed into Plaintiffs while driving a Budget rental car whose authorized drivers are insured by Defendant. (*See generally* Am. Compl., ECF No. 25). Leon was the driver of the rental car, but Eduardo Estrella was the individual who rented the car. (*See* Rental Agreement at 1, Ex. A to Mot. Dismiss, ECF No. 26) (listing Eduardo Estrella as the "Customer Name"); (Am. Compl. ¶ 7). Plaintiffs allege that even though Leon did not rent the car, he was a "permissive user" of the rental vehicle, and thus also covered by Defendant's insurance policy as an insured driver. (Am. Compl. ¶¶ 8, 23).

After the accident, Plaintiffs brought a civil suit for negligence in state court against Leon, the driver, and Malco, the owner of the vehicle. (*Id.* ¶ 10). Leon did not participate in the litigation, so the court entered default judgment against him. (*Id.* ¶ 12). Plaintiffs filed a motion

for judicial assignment of Leon's rights against Defendant, which the court granted as unopposed. (*Id.* ¶¶ 14–16).

After this case was removed, Defendant filed its First Motion to Dismiss, arguing that Leon and Defendant were never in contractual privity because the Complaint did not sufficiently allege that Leon was an insured driver under the insurance policy. (*See generally* First Mot. Dismiss, ECF No. 6). The Court agreed and granted the motion with leave to amend. (*See generally* Order Granting Motion to Dismiss, ECF No. 24). Plaintiffs filed an amended complaint. (*See generally* Am. Compl.). Acting as assignees of Leon's rights, Plaintiffs bring causes of action against Defendant for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and violations of Nevada's Unfair Claims Practices Act. (Am. Compl. ¶¶ 22–50). Defendant now moves to dismiss all claims. (*See generally* Second Mot. Dismiss).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Defendant moves to dismiss Plaintiffs' Amended Complaint with prejudice, arguing that Leon and Defendant were never in contractual privity because Leon was not an insured. (*See generally* Second Mot. Dismiss). In support of its argument, Defendant attached the Budget Rental Agreement signed by Estrella and the relevant Insurance Policy. (*See* Rental Agreement, Ex. A to Second Mot. Dismiss); (Ins. Policy, Ex. B to Second Mot. Dismiss). As explained in the Court's previous Order, it will consider the Rental Agreement and Insurance Policy through the incorporation by reference doctrine. (*See* Order Granting Mot. Dismiss 3:5–19).

The Court begins its analysis with Plaintiffs' breach of contract claim. Plaintiffs allege Defendant breached the insurance policy by, among other things, declining to defend and indemnify Leon in the underlying state court suit. (Am. Compl. ¶ 25). A breach of contract claim requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. *Richardson v. Jones*, 1 Nev. 405, 409 (Nev. 1865); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013).

In the Court's previous Order, it found that the first element was not properly alleged because Plaintiffs failed to adequately assert allegations of a valid contract between Leon and Defendant. (*See generally* Order Granting Mot. Dismiss). The insurance policy defines an "insured" as the rentee who entered into a rental agreement with the policyholder, or an "additional authorized driver" whose name appears on the rental agreement. (*See* Ins. Policy at 1, Ex. B to Mot. Dismiss). It also explicitly states that an individual is not insured if they are someone who is "not an authorized driver under the terms of the 'rental agreement,' or whose name does not appear on the 'rental agreement.'" (*Id.* at 3). The Court examined the Rental Agreement and determined that Leon's name was not listed as an additional driver. (Order Granting Mot. Dismiss 4:3–6); (Rental Agreement at 1, Ex. A to Mot. Dismiss). The only listed driver, Estrella, signed the contract stating that no additional drivers were allowed

without prior written consent. (*Id.*).  Neither party alleged that prior written consent was obtained by Leon.  Thus, the Court found that the Complaint and its related exhibits lacked any factual content to back up Plaintiffs' assertion that Leon was a "permissive user" of the vehicle or otherwise insured by Defendant. (Order Granting Mot. Dismiss 5:3–9).  Plaintiffs were granted leave to amend. (*Id.* 6:10–12).

Although Plaintiffs filed an Amended Complaint, it did not contain additional facts demonstrating the existence of a contractual relationship or otherwise address the issues identified by the Court.  Plaintiffs continue to assert that "Zurich and Leon were bound by a contractual relationship pursuant to the insurance policy" without providing additional facts as requested by the Court in the Order Granting Motion to Dismiss. (Am. Compl. ¶ 23); (Order Granting Mot. Dismiss 4:16–18).  Defendant points this out in its Second Motion to Dismiss, but Plaintiffs do not address these arguments in their Response.  Rather, Plaintiffs argue that Defendant improperly considered extrinsic evidence in violation of the Four Corners rule for purposes of determining whether there was a duty to defend Leon. (Resp. 3:2–3).  Because Plaintiffs have not sufficiently alleged that a valid contract existed in the first place, the Court need not address the issue of whether Defendant breached said contract by improperly considering a document outside of the four corners of the state court complaint.  Plaintiffs have failed to include allegations supporting a valid contract between Leon and Defendant, so their claim for breach of contract is DISMISSED.

Without properly alleging that Leon is insured under Defendant's policy, Plaintiffs' claims for tortious breach of the implied covenant of good faith and fair dealing and for the Nevada Unfair Claims Act are also dismissed.  A defendant's liability in tort requires a special relationship, such as that between insurer and insured. *See Aluevich v. Harrah's*, 660 P.2d 986, 987 (Nev. 1983) (finding "a cause of action in tort for the breach of an implied covenant of good faith and fair dealing where an insurer fails to deal fairly and in good faith with its insured

by refusing, without proper cause, to compensate its insured for a loss covered by the policy."). Because Plaintiffs did not sufficiently allege that Leon was insured, their claim for tortious breach of the implied covenant of good faith and fair dealing is DISMISSED. Similarly, Plaintiffs' Nevada Unfair Claims Practices Act claims must also be DISMISSED for failure to allege that Leon is an insured. *See Sierzega v. Country Preferred Ins. Co.*, 650 F. App'x 388, 390 (9th Cir. 2016) (explaining that an *insured* may be entitled to damages if an insurer commits an unfair settlement practice) (emphasis added). Accordingly, the Court GRANTS Defendant's Second Motion to Dismiss.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because this is the Court's second dismissal of Plaintiffs' Complaint and Plaintiffs have failed to cure deficiencies by amendments previously allowed, the Court will not grant Plaintiffs leave to amend a second time. Relying on the insurance contract and rental policy incorporated by reference into Plaintiff's Amended Complaint, Plaintiffs cannot demonstrate Leon is an insured and thus the deficiencies identified above cannot be cured by amendment.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Dismiss, (ECF No. 26), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED** with prejudice.

The Clerk of Court is kindly requested to close this case.

**DATED** this __27__ day of August, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT